IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GRAND RIVER ENTERPRISES SIX NATIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AUSTIN KNUDSEN, in is official capacity as the Attorney General of the State of Montana, <br><br> Defendant. | CV-23-48-H-BMM <br><br> **ORDER** |

**INTRODUCTION**

Grand River Enterprises Six Nations, LTD ("GRE") filed a motion to clarify and a request for an indicative ruling under Federal Rule of Civil Procedure Rule 62.1 on November 21, 2023. (Doc. 56.) Austin Knudsen (the "Attorney General") opposes this motion. (Doc. 60). The Court conducted a motion hearing on December 4, 2023, in Helena, Montana. (Doc. 62.)

**FACTUAL BACKGROUND**

The facts presented mirror the facts presented for the Court's Order Denying GRE's motion for reconsideration and the Court's order denying GRE's emergency motion for an injunction pending appeal. (*See* Doc. 40); (Doc. 44.)

## LEGAL BACKGROUND

GRE filed a motion for a temporary restraining order and preliminary injunction on July 10, 2023. (Doc. 6.) The Court denied GRE's motion for a temporary restraining order on July 17, 2023. (Doc. 21.) The Court reserved ruling on GRE's request for a preliminary injunction and show-cause hearing pending resolution of the Montana state court proceedings in the case *Grand River Enterprises, Inc., v. State of Montana es rel. Department of Justice*, Cause No. ADV-2012-246. (*Id.*) GRE filed an interlocutory appeal of the Court's denial of GRE's motion for a temporary restraining order to the Ninth Circuit on July 20, 2023. (Doc. 22.) The Court has been advised that the Ninth Circuit indicates that GRE's appeal is being considered for a March 2024 oral argument date. (Doc. 57 at 2.)

GRE filed subsequently an emergency motion for an injunction on July 24, 2023. (Doc. 26). GRE filed additionally a motion for reconsideration on August 4, 2023. (Doc. 31.) The Court denied GRE's motion for an injunction pending appeal and stayed consideration of GRE's motion for reconsideration pending appeal on September 1, 2023. (Doc. 40.) The Court then denied GRE's motion for reconsideration on September 18, 2023. (Doc. 44.)

## LEGAL STANDARD

Fed R. Civ. P. 62.1 provides in relevant part: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . 2) deny the motion . . . ."

## DISCUSSION

GRE prays that the Court indicate that it would deny GRE's motion for a preliminary injunction for the reasons stated in the Court's order denying GRE's emergency motion for an injunction pending appeal on September 1, 2023. (Doc. 57 at 3) (citing Doc. 40.) GRE contends that the Court's denial of GRE's emergency motion for an injunction pending appeal amounts to a denial of GRE's motion for a preliminary injunction. (Doc. 61 at 2.)

The Court recognizes that the facts underlying GRE's motion for a preliminary injunction (Doc. 6) and the facts underlying the Court's denial of GRE's emergency motion for a preliminary injunction pending appeal (Doc. 40) prove to be the same or substantially similar. Both motions concern GRE seeking relief from the Attorney General removing GRE from the Montana Tobacco Directory. Both motions involve consideration of the GRE's Assurance of Voluntary Compliance agreement ("AVC") that it entered with the State in 2012. (Doc. 8-1). The facts of this case appear to be firmly established, and the Court determines that no further hearings or litigation are required for the Court to deny GRE's motion for a

preliminary injunction, Doc. 6. *See* Advisory Committee on Rules—Civil, Comm. Notes on Rules, Fed. R. Civ. P. 62.1.

The Court acknowledges the Attorney General's argument that GRE has caused the procedural posture resulting in the asserted need for the Court's indicative order pursuant to Fed. R. Civ. P. 62.1 (*See* Doc. 60 at 5.) The Court finds no fault in the Attorney General's procedural handling of this case. The Court determines that considerations of efficiency and judicial economy outweigh the Attorney General's argument concerning the value of procedure. Trial in this matter is presently set for July 23, 2024. (Doc. 55). Discovery closes on March 29, 2024. (*Id.*) The Court gives credence to GRE's argument that if the Ninth Circuit were to hold that it lacks appellate jurisdiction, and if the Court were to subsequently deny GRE's motion for a preliminary injunction, then a final judgment on the merits likely would be entered before an appeal of the denial of the preliminary injunction could be heard by the Ninth Circuit. (Doc. 57 at 6.)

The Court endeavors to promote judicial economy and avoid the waste of judicial resources. Granting GRE's Rule 62.1 motion will expedite the Ninth Circuit's consideration of GRE's motion for a preliminary injunction, which the Court would deny on the merits based on an analysis of the factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). (*See* Doc. 40 at 8-12.)

## ORDER

Accordingly, **IT IS ORDERED:**

1. GRE's motion to clarify and a request for an indicative ruling under Rule 62.1 (Doc. 56) is **GRANTED.** The Court would deny GRE's motion for a preliminary injunction (Doc. 6) on the same grounds stated in the Court's order denying GRE's emergency motion for an injunction pending appeal, Doc. 40.

DATED this 11th day of December, 2023.

_____
Brian Morris, Chief District Judge
United States District Court